## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Joel Scott, an individual, )<br><br>Plaintiff, )<br><br>v. )<br><br>COAST PROFESSIONAL, INC, )<br>an undomesticated New York corporation, )<br>COAST PROFESSIONAL, INC, an )<br>undomesticated Louisiana corporation, )<br>PENNSYLVANIA HIGHER )<br>EDUCATION  ASSISTANCE AGENCY, an )<br>undomesticated foreign corporation (PHEAA), )<br>d/b/a AMERICAN EDUCATIONAL )<br>SERVICES (AES) and d/b/a FEDLOAN )<br>Services (FLS), )<br><br>Defendants. ) | Case No. CIV-19-00695-PRW |

## ORDER

Defendant Coast Professional, Inc. ("Coast") has filed a Motion to Dismiss

Plaintiff's Amended Complaint (Dkt. 12). For the reasons set forth below, the motion is

**GRANTED**.

### *Background*

Plaintiff alleges that after he graduated from law school in 2005, a consolidation

loan in the amount of $85,000 was fraudulently incurred in his name.[1] He states that the

alleged indebtedness, totaling $94,286.53, was subsequently sold to the Defendant

---

[1] *See* Pl.'s Am. Compl. (Dkt. 2) ¶ 4.

Pennsylvania Higher Education Assistance Agency ("PHEAA"), who performs collection work for the U.S. Department of Education on November 13, 2009.[2]

Plaintiff claims to have had no knowledge of "any defaulted consolidated student loan until 2011 when he and his spouse were denied for a home mortgage loan."[3] That denial was allegedly due to Defendants reporting to credit agencies $85,000.00 in defaulted consolidated student loans dating back to 2005.

Plaintiff notes that he made inquiries about the defaulted loan "through administrative channels directly and through Congressional help," in an effort to find out "who funded the loan, who may have benefitted from the loan and in an attempt to discover where the money went."[4] He subsequently received a letter from Defendant PHEAA, dated August 19, 2015, which discusses the loan and Plaintiff's alleged default. In the letter, PHEAA claims to have investigated Plaintiff's dispute of responsibility for the defaulted school loan and found that "this is a valid debt" owed by Plaintiff.[5] On October 9, 2018, Defendant Coast, who Plaintiff alleges is "an agent, an assignee or a subsidiary of [] Defendant[] PHEAA,"[6] issued an "Administrative Garnishment of Plaintiff's Wages."[7]

---

[2] *See id* ¶ 5.

[3] *Id.* ¶ 4.

[4] Pl.'s Resp. in Opp'n to Def. PHEAA's Mot. to Dismiss & Br. in Supp. (Dkt. 13) ¶ 4.

[5] PHEAA letter to Plaintiff dated August 19, 2015 (Dkt. 13, Ex. 1).

[6] Pl.'s Resp. in Opp'n to Def. Coast's Mot. to Dismiss & Br. in Supp. (Dkt. 14) at 2.

[7] *Id.* at 3; Defendant Coast Administrative Garnishment dated October 9, 2019 (Dkt. 14, Ex. 1).

This lawsuit followed. Plaintiff filed his Complaint (Dkt. 1) on July 29, 2019, and the next day, filed an Amended Complaint (Dkt. 2), under which Plaintiff brings various claims. Specifically, Plaintiff alleges Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Oklahoma Consumer Protection Act ("OCPA"), Okla. Stat. tit. 15, § 751, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. Further, Plaintiff claims Defendants caused him emotional distress and unjustly enriched themselves by attempting to collect a consolidated student loan he claims he does not owe. Plaintiff alleges that PHEAA specifically committed fraud, was negligent, and breached fiduciary duties for allegedly "failing to properly investigate the identity theft or reveal any identity of the actual applicant for consolidation, lender of the consolidated student loans or any educational intuition who received the proceeds of the underlying consolidated student loans."[8] Finally, Plaintiff also asserts that he is entitled to punitive damages.

Defendant Coast then filed a Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 12). Defendant Coast's motion argues that these claims fail for two main reasons. First, Plaintiff's claims are time-barred.[9] Second, the allegations in the Amended Complaint otherwise fail to state a claim for relief for numerous reasons.

---

[8] *See* Pl.'s Am. Compl. (Dkt. 2) ¶ 47.

[9] *Id.* ¶¶ 4–5.

Plaintiff responded to Defendant Coast's motion to dismiss, arguing that Defendant Coast issued the Administrative Garnishment within one year of Plaintiff filing his Complaint, which, in Plaintiff's view, renders his claims timely. Plaintiff also seeks leave to amend his complaint to include FCRA claims and to add the Department of Education as a party defendant.

### *Standard of Review*

In reviewing a Rule 12(b)(6) motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[10] While a complaint need not recite "detailed factual allegations," "a plaintiff's obligation to provide the grounds of [her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[11] The pleaded facts must establish that the claim is plausible.[12]

### *Discussion*

Defendant Coast argues that all of Plaintiff's claims against it are time-barred. The Court agrees.

---

[10] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver,* 101 F.3d 1344, 1352 (10th Cir. 1996)).

[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted) (alteration in original).

[12] *Id*.

FCRA claims and claims for either intentional or negligent infliction of emotional distress are subject to a two-year statute of limitations.[13]  OCPA and unjust enrichment claims are subject to a three-year statute of limitations.[14] Plaintiff filed this suit on July 29, 2019, long after the defaulted student loans were purchased in November 13, 2009 and long after Plaintiff allegedly first learned of the defaulted school loans in 2011.

Oklahoma's discovery rule allows "limitations in tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the *injury*."[15] This rule "exclude[s] the period of time during which the injured party is reasonably unaware tha[t] an injury has been sustained so that people in that class have the same rights as those who suffer an immediately ascertainable injury."[16] But "[s]tatutes of limitation were not designed to help those who negligently refrain from prosecuting inquiries plainly suggested by the facts."[17]

According to the Amended Complaint, Plaintiff was aware of his injury contemporaneously with him being "denied for a home mortgage loan" in 2011.[18] Knowing

---

[13] *See* 15 U.S.C. § 1681p(1); *Redd v. City of Oklahoma City*, 2013 WL 6909464, \*2 (W.D. Okla. Dec. 31, 2013).

[14] Okla. Stat. tit. 12, § 95(A)(2); *see also Legacy Crossing, LLC v. Travis Wolff & Co.*, LLP, 229 F. App'x 672, 682 (10th Cir. 2007).

[15] *Resolution Tr. Corp. v. Grant*, 1995 OK 68, ¶ 8, 901 P.2d 807, 813 (emphasis added).

[16] *Id.*

[17] *Hawk Wing*, 2011 OK 42, ¶ 11, 261 P.3d at 1125 (quoting *Daugherty v. Farmers Coop.*, 1984 OK 72, ¶ 12, 689 P.2d 947, 951).

[18] Pl.'s Am. Compl. (Dkt. 2) ¶ 4.

that he was injured, and able to investigate the causes of that injury (which he admits he did), the statute of limitations began to run (the fact that Defendant Coast issued the Administrative Garnishment much later in 2018 is of no consequence to the accrual question). Accordingly, Plaintiff's claims against Defendant Coast were filed much too late—the statute of limitations expired in 2013 for Plaintiff's FCRA claims and claims for either intentional or negligent infliction of emotional distress and in 2014 for his OCPA and unjust enrichment claims. Those claims are therefore dismissed.

Plaintiff asserts, as its final cause of action against Coast, a claim for punitive damages. Defendant Coast correctly argues that punitive damages are a remedy, not a cause of action, and that the separate claim for punitive damages should therefore be dismissed.[19] Indeed, the Tenth Circuit has observed that "[a] punitive damage claim is not an independent cause of action or issue separate from the balance of a plaintiff's case."[20] Rather, "[i]t is part and parcel of a liability determination" that "does not have any independent being until a jury has decided" in the affirmative on a predicate cause of action.[21] Because a claim for punitive damages is not an independent cause of action, the Court dismisses the claim for punitive damages against Defendant Coast.[22]

---

[19] Def. Coast's Mot. to Dismiss & Br. in Supp. (Dkt. 12) at 3.

[20] *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1554 (10th Cir. 1991).

[21] *Id.*

[22] This should not be read to preclude Plaintiffs from seeking punitive damages as a remedy where appropriate.

Finally, in Plaintiff's response to Defendant Coast's motion to dismiss, he asks for leave to amend his complaint. Thus, having determined that the Amended Complaint must be dismissed as to Defendant Coast, the Court must now consider whether leave to amend should be granted. Pursuant to Fed. R. Civ. P. 15, leave to amend should be freely given "when justice so requires." However, such leave is not automatic and may be precluded by various factors, including futility and undue delay.[23] Where the court dismisses a cause of action for failure to state a claim, it may exercise its discretion to allow an amended complaint to cure the deficiency in the original complaint. However, it is not required to do so if the circumstances and the governing law render an amendment futile.[24] "If it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend."[25]

Although amendment may be futile here, the Court is unwilling to state, at this stage of the proceedings, that Plaintiff is unable to state a claim upon which relief may be granted. Accordingly, dismissal is without prejudice to Plaintiff's right to file an amended complaint, if he can do so consistent with his obligations under Fed. R. Civ. P. 11(b).

### *Conclusion*

For the foregoing reasons, the Court **GRANTS** Defendant Coast's Motion to Dismiss (Dkt. 12). Further, Plaintiff is directed to **SHOW CAUSE** in writing on or before

---

[23] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[24] *Bauchman v. West High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997).

[25] *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (citations omitted).

Monday, August 9, 2021, that the claims against PHEAA, the other defendant named in this case, were timely filed.

**IT IS SO ORDERED** this 2nd day of August 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE