IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Joel Scott, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COAST PROFESSIONAL, INC, | ) |
| an undomesticated New York corporation, | ) |
| COAST PROFESSIONAL, INC, an | ) |
| undomesticated Louisiana corporation, | )  Case No. CIV-19-00695-PRW |
| PENNSYLVANIA HIGHER | ) |
| EDUCATION ASSISTANCE AGENCY, an | ) |
| undomesticated foreign corporation (PHEAA), | ) |
| d/b/a AMERICAN EDUCATIONAL | ) |
| SERVICES (AES) and d/b/a FEDLOAN | ) |
| Services (FLS), | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On August 2, 2021, the Court granted Defendant Coast Professional, Inc.'s ("Coast") Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 12), noting that Plaintiff's FCRA, OCPA, and unjust enrichment claims and his claims for either intentional or negligent infliction of emotional distress against Defendant Coast were time-barred. In its Order (Dkt. 36), the Court directed Plaintiff to show cause in writing on or before Monday, August 9, 2021 that the claims against Pennsylvania Higher Education Assistance Agency ("PHEAA"), the other defendant named in this case, were timely filed. Further, in light of the withdrawal of Plaintiff's counsel, the Court sua sponte extended the deadline to show cause to Friday, August 27, 2021. To date, Plaintiff has filed no response.

1

The reasoning applied in the Court's August 2, 2021 Order applies equally here. Since the same statute of limitations applies, and Plaintiff has filed nothing in response to the Court's Order indicating the contrary, Plaintiff's FCRA, OCPA, and unjust enrichment claims and claims for either intentional or negligent infliction of emotional distress against Defendant PHEAA are dismissed as well.

Further, the Court finds Plaintiff's negligence and fraud claims against PHEAA are likewise time-barred.[1] While Plaintiff's remaining claim, alleging breach of fiduciary duty, may not be time-barred,[2] Plaintiff has alleged no facts supporting its breach of fiduciary duty claim against Defendant PHEAA. Therefore, the Court sua sponte dismisses Plaintiff's breach of fiduciary duty claims against PHEAA in addition to its time-barred fraud and negligence claims.

In Plaintiff's response to Defendant PHEAA's Motion to Dismiss (Dkt. 13), he asks for leave to amend his Complaint to include claims under the Fair Credit Reporting Act and the Department of Education as an additional party defendant. Although amendment

---

[1] Fraud and negligence claims are subject to a two-year statute of limitations. Okla. Stat. tit. 12 § 95(3). According to the Amended Complaint, these claims are based on Defendant's PHEAA's investigation of the debt. *See* Pl.'s Am. Compl. (Dkt. 2) ¶¶ 46, 47. Plaintiff's Response to Defendant PHEAA's Motion to Dismiss indicates that this investigation occurred on or before August 19, 2015 and that Plaintiff was concededly made aware of that fact on August 19, 2015. *See* Pl.'s Resp. in Opp'n to Def. PHEAA's Mot. to Dismiss & Br. in Supp. (Dkt. 13) ¶ 6; PHEAA letter to Plaintiff dated August 19, 2015 (Dkt. 13, Ex. 1). Accordingly, Plaintiff's fraud and negligence claims against Defendant PHEAA were filed too late—the statute of limitations expired in 2017 for such claims.

[2] A tort action for breach of fiduciary duty falls under the five-year catchall statute of limitations in Okla. Stat. tit. 12 § 95(9).

may be futile here, the Court is unwilling to state, at this stage of the proceedings, that Plaintiff is unable to state a claim upon which relief may be granted. Accordingly, dismissal is without prejudice to Plaintiff's right to file an amended complaint, if he can do so consistent with the restrictions of Fed. R. Civ. P. 11(b).

Thus, for the foregoing reasons, Plaintiff's claims against Defendant PHEAA are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 30th day of August 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE